## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| | ) | **CIVIL ACTION NO.:** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **C O M P L A I N T** |
| | ) | **Jury Trial Demand** |
| **ALSTRUN, LLP d/b/a McDONALD'S** | ) | |
| | ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Timothy L. Artis who was adversely affected by such practices.  As articulated in greater particularity in paragraph 8 below, the Commission alleges that Defendant, Alstrun, LLP d/b/a McDonald's ("Defendant" and/or "McDonald's"), discriminated against Timothy L. Artis, a qualified individual with a disability, on the basis of his mental retardation when Defendant subjected him to repeated acts of harassment including calling him derogatory names and physical manhandling.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3)of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant McDonald's ("Defendant Employer") has continuously been a New Jersey and/or Pennsylvania corporation doing business in the Commonwealth of Pennsylvania and the city of Philadelphia, and has had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Timothy L. Artis filed a Charge of Discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least July 2008, Defendant Employer has engaged in unlawful employment practices at its City Line Avenue restaurant located in Philadelphia, Pennsylvania, in violation of Section 102 of Title I of the ADA, 42 U.S.C., §§ 12112(a), (b)(1), (b)(5)(A) and (b)(5)(B), by discriminating against Timothy L. Artis because he is mentally retarded. The unlawful employment practices include the following:

(a)     In October 2004, Defendant Employer hired Timothy L. Artis as a Lot and Lobby worker at its restaurant located at 7600 City Line Avenue, Philadelphia, Pennsylvania 19151.

(b)     Timothy L. Artis, who is mentally retarded, successfully performed the duties of Lot and Lobby worker until December 20, 2008.

(c)     Beginning in and around July 2008, Timothy L. Artis was subjected to severe repeated acts of harassment by his immediate supervisors, other members of management and co-workers. He was constantly called such names as "dumb," "retarded," "stupid," and repeatedly told that he was "too slow." He was physically shoved and grabbed as well as threatened with a box cutter.

(d)     Defendant Employer forced Timothy L. Artis to perform duties outside of his job description such as removing a raccoon from a trash can and picking up a dirty needle with his

bare hands.   At times, Defendant Employer denied Timothy L. Artis food and beverages, a benefit to which Mr. Artis was entitled as an employee.

(e)     On numerous occasions, Timothy L. Artis' mother, Michelle Taylor-Carter, observed the discriminatory harassment of her son.   Despite Michelle Taylor-Carter's complaints to management, Defendant Employer failed to take any remedial action.

(f)     As a result of the hostile work environment, Timothy L. Artis was constructively discharged from his position on December 20, 2008.

9.     The effect of the practices complained of in paragraph 8 above has been to deprive Timothy L. Artis of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

10.     The unlawful employment practices complained of in paragraph 8 above were intentional.

11.     The unlawful employment practices complained of in paragraph 8 above were done with reckless indifference to the federally protected rights of Timothy L. Artis.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that the Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability, including but not limited to subjecting an employee to a hostile work environment due to the fact that the employee is disabled.

.4

B.    Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to institute and carry out anti-discrimination policies and complaint procedures for individuals with disabilities.

D.    Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its polices against discrimination, retaliation and the ADA.

E.    Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and requiring all managers and supervisors to report any incidents and/or complaints of discrimination and/or retaliation of which they become aware to the department charged with handling such complaints.

F.    Order Defendant Employer to make whole Timothy L. Artis by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.    Order Defendant Employer to make whole Timothy L. Artis by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

H.    Order Defendant Employer to make whole Timothy L. Artis by providing compensation for past, present and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including humiliation, emotional pain, suffering,

anxiety, stress, loss of enjoyment of life, depression and inconvenience, in amounts to be determined at trial.

      I.      Order Defendant Employer to pay Timothy L. Artis punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

      J.      Grant such further relief as the Court deems necessary and proper in the public interest.

      K.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Acting Regional Attorney

NATASHA ABEL
Trial Attorney
EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107
Telephone:    (215) 440-2786
Facsimile:    (215) 440-2848