

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ALSTRUN, LLP d/b/a McDONALD'S <br><br> Defendant. | CIVIL ACTION NO.: <br> 09-cv-4347 (MMB) <br><br> FILED <br> FEB 25 2010 <br> MICHAEL E. KUNZ, Clerk <br> By_____ Dep. Clerk |

FEB -9 2010

## CONSENT DECREE

This action was instituted by Plaintiff, Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant, Alstrun, LLP d/b/a McDonald's (hereinafter "Defendant" or "Alstrun"). The EEOC alleges, in its Complaint, that Defendant violated Section 102 of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12112(a), (b)(1), (b)(5)(A) and (b)(5)(B), when it subjected Timothy Artis to offensive and unwelcome harassment based on his disability, mental retardation, including calling him derogatory names and physical manhandling, and failed to take any effective remedial measures to stop the unwelcome verbal and physical abuse. The EEOC further contends that due to the harassment, Mr. Artis was constructively discharged effective December 20, 2008.

The parties desire to resolve the EEOC's action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the ADA. The EEOC and Defendant do hereby agree to the entry of this Consent Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 09-4347. This Consent Decree shall

not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Defendant of any violation of the ADA.

The Court has examined this Decree and finds that it has jurisdiction over the parties and the subject matter of this action, that the Decree is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

## Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the EEOC in this ADA action which emanated from the Charge of Discrimination filed by Timothy Artis. This Decree in no way affects the EEOC's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the EEOC sees fit.

2. This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. Except as otherwise specified in this Decree, the terms of this Decree apply to all restaurant locations owned and/or operated by Alstrun in the region, including: West Sadsbury, Store Number 23555, 900 Commons Drive, Parksburg, Chester County, Pennsylvania, 19365; Brookhaven, Store Number 2607, 4206 Edgemont Avenue, Brookhaven, Delaware County, Pennsylvania, 19015.

### Relief to Timothy Artis

4. Within fifteen (15) business days of entry of this Decree, Defendant shall pay Timothy Artis monetary relief in the total amount of $90,000.00 (ninety thousand dollars), representing $74,971.46, in compensatory damages, $5,028.54, in back pay with interest, and $10,000, in front pay. The check will be made payable to Timothy Artis, and shall be mailed to him c/o Ms. Taylor-Carter. A photocopy of the check and related correspondence will be mailed to the EEOC, Philadelphia District Office, 801 Market Street, Penthouse Suite, Philadelphia Pennsylvania 19107, Attention Natasha L. Abel.

5. Defendant will issue to Artis (c/o Ms. Taylor-Carter) a United States Internal Revenue Services Form 1099 and a W-2 form for the 2010 tax year for the compensatory damages amounts and back pay paid to him.

### Injunctive Relief

6. Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in its behalf and interest hereby are enjoined from creating, fostering or tolerating a hostile work environment based on disability and from terminating employees, constructively or otherwise, on the basis of disability, and from violating the provisions of Title I of the ADA, including the following provision:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

ADA, Title I, Section 102(a), as amended by the ADA Amendments Act of 2008.

### ADA Training

7. Within sixty (90) days from the entry of this Decree, and every year thereafter for the duration of this Decree, Defendant will provide all managers, supervisors, and other persons

with authority to hire or fire employees who work in restaurants owned by Defendant with no fewer than four hours of live or video based training on the requirements and prohibitions of the ADA and relevant state or local anti-discrimination laws, with an emphasis on what constitutes unlawful harassment or conduct which could create a hostile environment and discrimination in the workplace; how to keep the company free from such discrimination; what constitutes unlawful retaliation and will summarize how to conduct a prompt and effective investigation into allegations, complaints or charges of discrimination.

    a. The ADA training will be conducted by a representative of the EEOC.

    b. Defendant further will maintain records identifying the name and job title of the employees receiving such training, the date of commencement of each such employee's managerial or supervisory position, and date of training.

    c. Every six (6) months, for the duration of this Decree, Defendant, at its own expense, will provide to EEOC a copy of the records regarding such training.

8. Within sixty (90) days from the entry of this Decree and within fourteen (14) days of the date of hire and/or promotion of all newly hired managers, supervisors, and other persons with authority to hire or fire employees who work in restaurants owned by Defendant, Defendant shall provide such personnel with ADA training as provided in Paragraph 9 above and as forth in Exhibit A.

### Notice and Postings

9. Within ten (10) business days of entry of this Decree, Defendant will post and cause to remain posted the posters required to be displayed in the workplace by EEOC Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted.

10. Within ten (10) business days of entry of this Decree, Defendant will post in all places usually used by Defendant for communicating with employees Exhibit A ("Notice to Employees") and Exhibit B ("The ADA: Your Employment Rights as an Individual with a Disability"). These Exhibits shall be posted in all restaurants owned/operated by Defendant and shall be maintained for one year. Exhibit B shall also be signed by Defendant's President and CEO with the date of actual posting shown thereon. Should the Exhibits become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Exhibits are posted in the same manner as heretofore specified.

11. Within thirty (30) days of approval of this Decree, Defendant shall forward to the EEOC's Philadelphia District Office a copy of the signed Notice (Exhibit A) and written certification that all Exhibits have been posted and a statement of the location(s) and date of posting.

### Monitoring and Reporting Provisions

12. Effective immediately upon the entry of this Decree and every six months thereafter for the duration of the Decree, Defendant will prepare and submit to the EEOC a list of all individuals who have complained (internally or externally) of or reported any discrimination in employment on the basis of disability during that period. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no individuals have complained of or reported any discrimination in employment on the basis of disability during that quarter, Defendant will so inform the EEOC's Philadelphia District Office.

13. Within fourteen (14) days after the completion of each training session, Defendant will provide written verification to the EEOC that the training was conducted in accordance with this Decree, along with a list of attendees and their job titles, and a statement indicating the duration and method of the training (i.e. live or video).

14. The EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's premises, records, and interviews with employees at reasonable times. Upon five (5) days notice by the EEOC, Defendant will make available for inspection and copying any records requested by EEOC, facilities sought to be inspected by EEOC, and employees sought to be interviewed by EEOC.

### Dispute Resolution

15. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within ten (10) days of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

### Miscellaneous Provisions

16. All materials required by this Decree to be sent to EEOC shall be addressed to:

> Equal Employment Opportunity Commission
> Philadelphia District Office
> Attention: Natasha L. Abel, Trial Attorney
> 801 Market Street, Penthouse Suite 1300
> Philadelphia, Pennsylvania 19107

17. The EEOC and Defendant shall bear their own costs and attorneys' fees.

18. Any application by any party to modify or vacate this Consent Decree for the duration of this Decree shall be made by motion to the Court on no less than thirty (30) days notice to the other party.

19. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

Respectfully submitted,

FOR PLAINTIFF:

FOR DEFENDANT:

/s/ Debra M. Lawrence
Debra M. Lawrence
Regional Attorney (Acting)

/s/ Maria Salacuse
Maria Salacuse
Supervisory Trial Attorney (Acting)

/s/ Natasha L. Abel
NATASHA L. ABEL
Trial Attorney
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107

/s/ Patricia Fecile-Moreland
Patricia A. Fecile-Moreland
Marks, O'Neill, O'Brien & Courtney, P.C.
Suite 1900
1800 John F. Kennedy Boulevard
Philadelphia, PA 19103

**SO ORDERED.** The Clerk shall close this case.
Signed and entered this 23 day of _____, 2010.

Michael M. Baylson
United States District Court Judge

mail
cc Abel
  Lawrence
  Salacuse
  Fecile-Morel

7

EXHIBIT A

### NOTICE TO ALL ALSTRUN, LLP d/b/a McDONALD'S EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Alstrun, LLP, d/b/a McDonald's, Civil Action Number 09-4347 (MMB) (E.D. Pa.) resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Alstrun, LLP, d/b/a McDonald's, ("Alstrun").

The Americans with Disabilities Act of 1990 ("the ADA") prohibits discrimination against employees and applicants for employment based on disability. The ADA also prohibits retaliation against employees or applicants who avail themselves of the rights under the ADA by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation.

The EEOC is the federal agency which investigates charges of unlawful employment discrimination. The EEOC has the authority to bring lawsuits in federal court to enforce the ADA.

In its lawsuit, the EEOC alleged that Alstrun subjected an employee to harassment based on his disability and constructively discharged him in violation of the ADA. Alstrun denies these allegations.

To resolve the case, Alstrun and the EEOC have entered in to a Consent Decree which provided, among other things, that: (1) Alstrun will not discriminate on the basis of disability and will not allow employees to be harassed based on disability; (2) Alstrun will not retaliate against any person because he or she opposed any practice made unlawful by the ADA, filed an ADA charge of discrimination, participated in any ADA proceeding, or asserted any rights under the Consent Decree; and (3) Alstrun will provide training regarding the ADA.

**If you believe you have been discriminated against, you may contact the EEOC at 1-800-669-4000. The EEOC charges no fees and has employees who speak languages other than English.**

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for one year from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Philadelphia District Office, 801 Market Street, Penthouse Suite 1300, Philadelphia, PA 19107.

_____          _____
U.S. Equal Employment Opportunity          Alstrun, LLP d/b/a McDonald's
Commission
DATED: 2/8/10                              DATED:

EXHIBIT B

*The U.S. Equal Employment Opportunity Commission*

# The ADA: Your Employment Rights as an Individual With a Disability

The Americans with Disabilities Act of 1990 (ADA) makes it unlawful to discriminate in employment against a qualified individual with a disability. The ADA also outlaws discrimination against individuals with disabilities in State and local government services, public accommodations, transportation and telecommunications. This booklet explains the part of the ADA that prohibits job discrimination. This part of the law is enforced by the U.S. Equal Employment Opportunity Commission and State and local civil rights enforcement agencies that work with the Commission.

## Notice Concerning The Americans With Disabilities Act Amendments Act Of 2008

The Americans with Disabilities Act (ADA) Amendments Act of 2008 was signed into law on September 25, 2008 and becomes effective January 1, 2009. Because this law makes several significant changes, including changes to the definition of the term "disability," the EEOC will be evaluating the impact of these changes on this document and other publications. See the list of specific changes to the ADA made by the ADA Amendments Act.

## What Employers Are Covered by the ADA?

Job discrimination against people with disabilities is illegal if practiced by:

- private employers,
- state and local governments,
- employment agencies,
- labor organizations,
- and labor-management committees.

The part of the ADA enforced by the EEOC outlaws job discrimination by:

- all employers, including State and local government employers, with 25 or more employees after July 26, 1992, and
- all employers, including State and local government employers, with 15 or more employees after July 26, 1994.

Another part of the ADA, enforced by the U.S. Department of Justice, prohibits discrimination in State and local government programs and activities, including discrimination by all State and local governments, regardless of the number of employees, after January 26, 1992.

Because the ADA establishes overlapping responsibilities in both EEOC and DOJ for employment by State and local governments, the Federal enforcement effort is coordinated by EEOC and DOJ to avoid duplication in investigative and enforcement activities. In addition, since some private and governmental employers are already covered by nondiscrimination and affirmative action requirements under the Rehabilitation Act of 1973, EEOC, DOJ, and the Department of Labor similarly coordinate the enforcement effort under the ADA and the Rehabilitation Act.

## Are You Protected by The ADA?

If you have a disability and are qualified to do a job, the ADA protects you from job discrimination on the basis of your disability. Under the ADA, you have a disability if you have a physical or mental impairment that substantially limits a major life activity. The ADA also protects you if you have a history of such a disability, or if an employer believes that you have such a disability, even if you don't.

To be protected under the ADA, you must have, have a record of, or be regarded as having a substantial, as opposed to a minor, impairment. A substantial impairment is one that significantly limits or restricts a major life activity such as hearing, seeing, speaking, walking, breathing, performing manual tasks, caring for oneself, learning or working.

If you have a disability, you must also be qualified to perform the essential functions or duties of a job, with or without reasonable accommodation, in order to be protected from job discrimination by the ADA. This means two things. First, you must satisfy the employer's requirements for the job, such as education, employment experience, skills or licenses. Second, you must be able to perform the essential functions of the job with or without reasonable accommodation. Essential functions are the fundamental job duties that you must be able to perform on your own or with the help of a reasonable accommodation. An employer cannot refuse to hire you because your disability prevents you from performing duties that are not essential to the job.

## What is Reasonable Accommodation?

Reasonable accommodation is any change or adjustment to a job or work environment that permits a qualified applicant or employee with a disability to participate in the job application process, to perform the essential functions of a job, or to enjoy benefits and privileges of employment equal to those enjoyed by employees without disabilities. For example, reasonable accommodation may include:

- providing or modifying equipment or devices,
- job restructuring,
- part-time or modified work schedules,
- reassignment to a vacant position,
- adjusting or modifying examinations, training materials, or policies,
- providing readers and interpreters, and
- making the workplace readily accessible to and usable by people with disabilities.

An employer is required to provide a reasonable accommodation to a qualified applicant or employee with a disability unless the employer can show that the accommodation would be an undue hardship -- that is, that it would require significant difficulty or expense.

## What Employment Practices are Covered?

The ADA makes it unlawful to discriminate in all employment

- practices such as:
- recruitment
- firing
- hiring
- training
- job assignments
- promotions
- pay
- benefits
- lay off
- leave
- all other employment related activities.

It is also unlawful for an employer to retaliate against you for asserting your rights under the ADA. The Act also protects you if you are a victim of discrimination because of your family, business, social or other relationship or association with an individual with a disability.

## Can an Employer Require Medical Examinations or Ask Questions About a Disability?

If you are applying for a job, an employer cannot ask you if you are disabled or ask about the nature or severity of your disability. An employer can ask if you can perform the duties of the job with or without reasonable accommodation. An employer can also ask you to describe or to demonstrate how, with or without reasonable accommodation, you will perform the duties of the job.

An employer cannot require you to take a medical examination before you are offered a job. Following a job offer, an employer can condition the offer on your passing a required medical examination, but only if all entering employees for that job category have to take the examination. However, an employer cannot reject you because of information about your disability revealed by the medical examination, unless the reasons for rejection are job-related and necessary for the conduct of the employer's business. The employer cannot refuse to hire you because of your disability if you can perform the essential functions of the job with an accommodation.

Once you have been hired and started work, your employer cannot require that you take a medical examination or ask questions about your disability unless they are related to your job and necessary for the conduct of your employer's business. Your employer may conduct voluntary medical examinations that are part of an employee health program, and may provide medical information required by State workers' compensation laws to the agencies that administer such laws.

The results of all medical examinations must be kept confidential, and maintained in separate medical files.

## Do Individuals Who Use Drugs Illegally Have Rights Under the

## ADA?

Anyone who is currently using drugs illegally is not protected by the ADA and may be denied employment or fired on the basis of such use. The ADA does not prevent employers from testing applicants or employees for current illegal drug use.

## What Do I Do If I Think That I'm Being Discriminated Against?

If you think you have been discriminated against in employment on the basis of disability after July 26, 1992, you should contact the U.S. Equal Employment Opportunity Commission. A charge of discrimination generally must be filed within 180 days of the alleged discrimination. You may have up to 300 days to file a charge if there is a State or local law that provides relief for discrimination on the basis of disability. However, to protect your rights, it is best to contact EEOC promptly if discrimination is suspected.

You may file a charge of discrimination on the basis of disability by contacting any EEOC field office, located in cities throughout the United States. If you have been discriminated against, you are entitled to a remedy that will place you in the position you would have been in if the discrimination had never occurred. You may be entitled to hiring, promotion, reinstatement, back pay, or reasonable accommodation, including reassignment. You may also be entitled to attorneys fees.

While the EEOC can only process ADA charges based on actions occurring on or after July 26, 1992, you may already be protected by State or local laws or by other current federal laws. EEOC field offices can refer you to the agencies that enforce those laws.

To contact the EEOC, look in your telephone directory under "U.S. Government." For information and instructions on reaching your local office, call:

- (800) 669-4000 (Voice)
- (800) 669-6820 (TDD)
- (In the Washington, D.C. 202 Area Code, call 202-663-4900 (voice) or 202-663-4494 (TDD).)

## Can I Get Additional ADA Information and Assistance?

The EEOC conducts an active technical assistance program to promote voluntary compliance with the ADA. This program is designed to help people with disabilities understand their rights and to help employers understand their responsibilities under the law.

In January 1992, EEOC published a Technical Assistance Manual, providing practical application of legal requirements to specific employment activities, with a directory of resources to aid compliance. EEOC publishes other educational materials, provides training on the law for people with disabilities and for employers, and participates in meetings and training programs of other organizations. EEOC staff also will respond to individual requests for information and assistance. The Commission's technical assistance program is separate and distinct from its enforcement responsibilities. Employers who seek information or assistance from the Commission will not be subject to any enforcement action because of such inquiries.

The Commission also recognizes that differences and disputes about ADA requirements may arise between employers and people with disabilities as a result of misunderstandings. Such disputes frequently can be resolved more effectively through informal negotiation or mediation procedures, rather than through the formal enforcement process of the ADA. Accordingly, EEOC will encourage efforts of employers and individuals with disabilities to settle such differences through alternative methods of dispute resolution, providing that such efforts do not deprive any individual of legal rights provided by the statute.

## More Questions and Answers About the ADA

**Q. Is an employer required to provide reasonable accommodation when I apply for a job?**

A. Yes. Applicants, as well as employees, are entitled to reasonable accommodation. For example, an employer may be required to provide a sign language interpreter during a job interview for an applicant who is deaf or hearing impaired, unless to do so would impose an undue hardship.

**Q. Should I tell my employer that I have a disability?**

A. If you think you will need a reasonable accommodation in order to participate in the application process or to perform essential job functions, you should inform the employer that an accommodation will be needed. Employers are required to provide reasonable accommodation only for the physical or mental limitations of a qualified individual with a disability of which they are aware. Generally, it is the responsibility of the employee to inform the employer that an accommodation is needed.

**Q. Do I have to pay for a needed reasonable accommodation?**

A. No. The ADA requires that the employer provide the accommodation unless to do so would impose an undue hardship on the operation of the employer's business. If the cost of providing the needed accommodation would be an undue hardship, the employee must be given the choice of providing the accommodation or paying for the portion of the accommodation that causes the undue hardship.

**Q. Can an employer lower my salary or pay me less than other employees doing the same job because I need a reasonable accommodation?**

A. No. An employer cannot make up the cost of providing a reasonable accommodation by lowering your salary or paying you less than other employees in similar positions.

**Q. Does an employer have to make non-work areas used by employees, such as cafeterias, lounges, or employer-provided transportation accessible to people with disabilities?**

A. Yes. The requirement to provide reasonable accommodation covers all services, programs, and non-work facilities provided by the employer. If making an existing facility accessible would be an undue hardship, the employer must provide a comparable facility that will enable a person with a disability to enjoy benefits and privileges of employment similar to those enjoyed by other employees, unless to do so would be an undue hardship.

**Q. If an employer has several qualified applicants for a job, is the employer required to select a qualified applicant with a disability over other applicants without a disability?**

A. No. The ADA does not require that an employer hire an applicant with a disability over other applicants because the person has a disability. The ADA only prohibits discrimination on the basis of

disability. It makes it unlawful to refuse to hire a qualified applicant with a disability because he is disabled or because a reasonable accommodation is required to make it possible for this person to perform essential job functions.

**Q. Can an employer refuse to hire me because he believes that it would be unsafe, because of my disability, for me to work with certain machinery required to perform the essential functions of the job?**

A. The ADA permits an employer to refuse to hire an individual if she poses a direct threat to the health or safety of herself or others. A direct threat means a significant risk of substantial harm. The determination that there is a direct threat must be based on objective, factual evidence regarding an individual's present ability to perform essential functions of a job. An employer cannot refuse to hire you because of a slightly increased risk or because of fears that there might be a significant risk sometime in the future. The employer must also consider whether a risk can be eliminated or reduced to an acceptable level with a reasonable accommodation.

**Q. Can an employer offer a health insurance policy that excludes coverage for pre-existing conditions?**

A. Yes. The ADA does not affect pre-existing condition clauses contained in health insurance policies even though such clauses may adversely affect employees with disabilities more than other employees.

**Q. If the health insurance offered by my employer does not cover all of the medical expenses related to my disability, does the company have to obtain additional coverage for me?**

A. No. The ADA only requires that an employer provide employees with disabilities equal access to whatever health insurance coverage is offered to other employees.

**Q. I think I was discriminated against because my wife is disabled. Can I file a charge with the EEOC?**

A. Yes. The ADA makes it unlawful to discriminate against an individual, whether disabled or not, because of a relationship or association with an individual with a known disability.

**Q. Are people with AIDS covered by the ADA?**

A. Yes. The legislative history indicates that Congress intended the ADA to protect persons with AIDS and HIV disease from discrimination.

---

For more specific information about ADA requirements affecting *employment* contact:

**Equal Employment Opportunity Commission**
P.O. Box 7033
Lawrence, Kansas 66044
(800) 669-4000 (Voice), (800) 669-6820 (TDD)

For more specific information about ADA requirements affecting *public accommodations and State and local government services* contact:

**Department of Justice**
Office on the Americans with Disabilities Act
Civil Rights Division

*P.O. Box 66118
Washington, DC 20035-6118
(202) 514-0301 (Voice)
(202) 514-0381 (TDD)
(202) 514-0383 (TDD)*

For more specific information about requirements for *accessible design in new construction and alterations* contact:

**Architectural and Transportation Barriers Compliance Board**
*1111 18th Street, NW
Suite 501
Washington, DC 20036
800-USA-ABLE
800-USA-ABLE (TDD)*

For more specific information about ADA requirements affecting *transportation* contact:

**Department of Transportation**
*400 Seventh Street, SW
Washington, DC 20590
(202) 366-9305
(202) 755-7687 (TDD)*

For more specific information about ADA requirements for *telecommunications* contact: Federal Communications Commission 1919 M Street, NW Washington, DC 20554 (202) 634-1837 (202) 632-1836 (TDD)

---

You may obtain this booklet in alternate formats, upon request by dialing 800-669-3362 or 800-800-3302.

---

*This page was last modified on March 21, 2005.*

 Return to Home Page